UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MUSIC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-04776-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 45 |

## I.　INTRODUCTION

This matter arises out of a dispute over the distribution of insurance proceeds issued after a fire that caused damage to property owned by Plaintiff Michael Music. Music contends that in accordance with terms set forth in the Deed of Trust ("Deed"), he was entitled to use the proceeds to repair the property. Defendant Bank of America, NA ("Bank of America" or the "Bank"), representing its successor by merger BAC Home Loans Servicing, LP ("BAC"), contends that those terms permitted it to retain the proceeds and apply them toward the outstanding loan balance on Music's Promissory Note ("Note"). Music later defaulted on the Note, and the debt was eventually acquired by Bayview Loan Servicing, LLC ("BLS").

Music brought suit against Bank of America, BAC, and BLS. As against all defendants, the Complaint alleges breach of contract, breach of the implied covenant of good faith and fair dealing, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage. Additionally, as against BLS solely, the Complaint also alleges fraud and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.[1]

---

[1] All parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

1  Bank of America now moves for judgment on the pleadings pursuant to Rule 12(c) of the
2  Federal Rule of Civil Procedure. The Motion came on for hearing at 2:00 p.m. on August 28,
3  2015.
4  For the reasons discussed below, the Motion is GRANTED in part and DENIED in part.

## II.  FACTS

### A.  Allegations of the Complaint

The Complaint alleges the following. Music and a third party, Tracy Ann Keveny, acquired interests as tenants in common to property located at 66 Rondel Place in San Francisco ("Property"). Compl. ¶ 5 (dkt. 1). The Property was leased to tenants, from whom Music and Keveny collected rental income. *Id.* ¶ 13. In March 2007, Music and Keveny refinanced a preexisting loan on the Property and signed a Promissory Note in the amount of $290,000, secured by a Deed of Trust. *Id.* ¶ 7. Bank of America later acquired the Note and Deed. *Id.* ¶ 9. Keveny died in June 2009. *Id.* ¶ 8. In May 2010, the executor of Keveny's estate brought an action against Music and Bank of America to partition the Property and quiet title. *Id.* ¶ 9.

Music had maintained hazard insurance on the Property, as he was required by terms set forth in Section 5 of the Deed. *Id.* ¶ 11. In August 2010, a fire caused substantial damage to the Property and rendered it uninhabitable. *Id.* ¶ 10. The insurer subsequently issued a check in the amount of $215,000 made payable to Music, the estate, and Bank of America. *Id.*

In July 2012, Music reached an agreement to buy out the estate's remaining interests in the Property. *Id.* ¶ 12. However, as to the insurance proceeds, Music, the estate, and Bank of America were unable to resolve how the funds would be distributed. *Id.* Music claimed that Section 5 of the Deed set forth terms requiring the funds to be released to him to allow for repair and reconstruction work. *Id.* ¶ 11. Bank of America claimed that Section 5 instead permitted the Bank to retain the funds and apply them toward the balance of Music's outstanding loan. *Id.* The Complaint is silent as to the estate's claim to the funds. Because the dispute over the insurance proceeds remained unsettled, all three parties agreed to preserve their rights to those proceeds in the following provision of the settlement agreement:

The parties acknowledge and agree that all issues related to the

> disposition of the fire insurance check in the amount of $215,000, and any obligations and defaults under the Note and Deed of Trust, are specifically excluded from the lawsuit, the settlement and releases, and that the parties reserve their respective rights with regard to such matters.

*Id.* ¶ 12.

Meanwhile, Music took steps to repair the Property by hiring an architect who developed plans and specifications for reconstruction, and who also secured from the City necessary entitlements and permits. *Id.* ¶ 11. Music alleges, however, that because Bank of America refused to release the insurance proceeds, he was unable to proceed further with reconstruction. *Id.* ¶ 12. The Property was never rebuilt, and as a result, Music was unable to continue collecting rental income as he had done so in the past. *Id.*

Music alleges that without the rental income, he was unable to afford his loan payments. *Id.* ¶ 13. He negotiated new terms of repayment in accordance with Bank of America's mortgage forbearance program, but did not complete the program. *Id.* Music alleges that Bank of America refused to grant to him a forbearance on the balance of his loan "as provided for on the Bank of America website, in the loan documents and in the multiple communications [he] had with [Bank of America] following the fire." *Id.* ¶¶ 18, 24.

BLS acquired Music's debt in October 2012. *Id.* ¶ 14. As with Bank of America, Music negotiated new terms of repayment under BLS's mortgage forbearance program, but did not complete the program. *Id.* Music eventually sold the Property at a loss in March 2014. *Id.* ¶ 15.

On October 27, 2014, Music filed this Complaint in the Northern District of California against Defendants Bank of America, BAC, and BLS. *See generally id.* BLS and Bank of America filed Answers on February 13 and February 20, 2015, respectively, generally denying all allegations of the Complaint and asserting affirmative defenses. BLS Answer (dkt. 22); Bank of America Answer (dkt. 23). On July 16, 2015, Bank of America moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. MTD (dkt. 45).

### B. The Claims

Only the first four counts of Music's six-count Complaint alleges claims against Bank of America. *See generally* Compl. Count One alleges a breach of contract cause of action. *Id.* ¶¶

3

1   16–21.  There, Music alleges that Bank of America breached the terms set forth in both the Note
2   and the Deed, (1) by refusing to release the insurance proceeds and allowing him to finance the
3   repair of his Property, and (2) by refusing to grant a forbearance on his outstanding loan balance.
4   *Id.* ¶ 18.
5       Count Two reasserts the same facts set forth in Count One and alleges a claim based on
6   breach of the implied covenant of good faith and fair dealing.  *Id.* ¶¶ 22–27.
7       Counts Three and Four respectively allege intentional and negligent interference with
8   prospective economic advantage.  *Id.* ¶¶ 28–35.  On these claims, Music alleges that Bank of
9   America's actions unlawfully frustrated his ability to reconstruct the Property and realize profits
10  he would have made from rental income.  *Id.* ¶¶ 29–31, 33–35.  He also claims damages stemming
11  from selling the Property at a loss.  *Id.* ¶¶ 31, 35.

## III.  ANALYSIS

### A.  Legal Standard

Bank of America moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(c) (permitting either party, "[a]fter the pleadings are closed but within such time as not to delay the trial, . . . to move for judgment on the pleadings"); *Rickstrew v. Weissman*, No. C 12-03133 WHA, 2012 U.S. Dist. LEXIS 137619, at *2–3 (N.D. Cal. Sept. 25, 2012).  Analysis under Rule 12(c) is "'substantially identical' to analysis under Rule 12(b)(6)[.] . . . [U]nder both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'"  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citing *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB, 2011 U.S. Dist. LEXIS 141942, at *3 (N.D. Cal. Dec. 9, 2011)).

### B.  Request for Judicial Notice

As a preliminary matter, Bank of America attaches to its motion papers a copy of the Deed of Trust.  Generally, on a Rule 12(c) motion, a court must only consider allegations made in the complaint and the answer; extrinsic factual material may not be taken into account.  *Qwest Communs. Corp. v. City of Berkeley*, No. C 01-0663 SI, 2002 U.S. Dist. LEXIS 8236, at *10 (N.D. Cal. Apr. 29, 2002) (citing *Powe v. Chicago*, 664 F.2d 639, 642 (7th Cir. 1981)).  However, a

court may consider evidence on which the "complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994)); Fed. R. Evid. 201(b); Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Consideration of these papers does not convert a Rule 12(c) motion to one for summary judgment. *Old Oakland P'ship I v. Lukens*, No. 98-16049, 1999 U.S. App. LEXIS 20076, at *6 (9th Cir. Aug. 20, 1999) ("The district court may consider documents referred to in the complaint whose authenticity is not disputed, and it may consider matters that are of public record without converting a motion to dismiss into a request for summary judgment." (citations omitted)).

Here, the Complaint refers to the Deed, the Deed forms a central component of Music's theory of liability against Bank of America, and neither Bank of America nor Music disputes the authenticity of the exhibit. Opp. at 8 ("The Bank attaches the deed of trust, to which Plaintiff has no objection."). Moreover, the Court may properly take judicial notice of public records. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Accordingly, the Court GRANTS Bank of America's Request for Judicial Notice.

### C. Statute of Limitations

Bank of America raises the affirmative defense that each of Music's allegations is time-barred under the applicable limitations periods. "When the running of the statute is apparent from the face of the complaint . . . the defense may be raised by a motion to dismiss." *Conerly v. Westinghouse Electric Corp.*, 623 F.2d 117, 119 (9th Cir. 1980). However, "a district court may grant a motion to dismiss on statute of limitations grounds 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Lee v. U.S. Bank*, No. C 10-1434 RS, 2010 U.S. Dist. LEXIS 66182, at *15 (N.D. Cal. June 30, 2010) (quoting *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000)); *Milliner v. Bock Evans Fin. Counsel, Ltd.*, No. 15-cv-01763-THE, 2015 U.S. Dist. LEXIS 88256, at *23 (N.D. Cal. July 6, 2015) ("[A] cause of action should only be dismissed if 'it is clear from

the face of the complaint that the statute has run and that no tolling is possible.'" (quoting *Brocade Communs. Sys., Inc. v. A10 Networks, Inc.*, No.: 10-CV-03428-LHK, 2011 U.S. Dist. LEXIS 30227, at *9 (N.D. Cal. Mar. 23, 2011))).

Count One alleges a breach of contract cause of action. Count Two alleges a breach of the implied covenant of good faith and fair dealing. In California, the limitations period for both causes of action is four years. Cal. Code Civ. P. § 337; *Bd. of Trs. v. Perez*, No. C-10-2002 JSW (JCS), 2011 U.S. Dist. LEXIS 142570, at *24 (N.D. Cal. Nov. 7, 2011); *Frazier v. Metro. Life Ins. Co.*, 169 Cal. App. 3d 90, 102 (1985). The statute of limitations begins to run "when a plaintiff knows or has reason to know of the injury that is the basis of the action." *Nw. Adm'rs, Inc.*, No. C-05-2880 SC, 2006 U.S. Dist. LEXIS 41751, at *4 (citing *Pierce Co. Hotel Emps. v. Elks Lodge*, 827 F.2d 1324, 1328 (9th Cir. 1987)).

Here, the first two claims are based on two actions by Bank of America: refusal to allow Music to use the insurance proceeds to rebuild the property, and refusal to forbear on his debt. No dates are alleged for these actions. Instead, the only relevant time frames set forth in the Complaint are the following. In August 2010, the Property suffered fire damage. Sometime later, Music's insurance policy issued a check in the amount of $215,000 made payable to Music, the estate, and Bank of America. In July 2012, the parties were unable to settle their dispute over the insurance proceeds and agreed to preserve any claims they had over the money.

Here, if the first two claims accrued after October 27, 2010, they are timely. Reading the Complaint with the "required liberality," as the Court must, it cannot be said that the facts alleged would not permit Music to prove that claims one and two arose within the limitations period. Because there is no allegation of when, after the August 2010 fire, Bank of America refused to allow him to use the insurance proceeds to rebuild the property, Music may be able to prove that this refusal occurred after October 27. Similarly, there is no date alleged for the Bank's refusal to forbear. Accordingly, because a statute of limitations defense is not "apparent from the face of the complaint," *Conerly*, 623 F.2d at 119, the Court declines to dismiss Counts One and Two on that basis.

Next, Counts Three and Four respectively allege intentional and negligent interference

with Music's prospective economic advantage. Music's theory is that by withholding the insurance proceeds, Bank of America frustrated his ability to reconstruct the Property and eventually profit from rental income. In California, the limitations period for interference claims is two years. Cal. Code Civ. P. § 339(1); *Curley v. Wells Fargo & Co.*, No. 13-cv-03805 NC, 2014 U.S. Dist. LEXIS 177338, at *28 (N.D. Cal. Dec. 23, 2014); *Tu-Vu Drive-In Corp. v. Davies*, 66 Cal. 2d 435, 437 (1967).

Here, unlike for Counts One and Two, a statute of limitations defense is apparent on the face of the Complaint for Counts Three and Four. Music states that in July 2012, he reached a settlement agreement with the estate in which he would buy out the estate's share of the Property. Compl. ¶ 12. He also concedes, however, that "[t]he dispute between Plaintiff, Keveny, and [Bank of America] over the insurance proceeds was never resolved." *Id.* The parties preserved their claims as to "all issues related to the disposition of the fire insurance check in the amount of $215,000." *Id.* Therefore, on these facts, it is apparent that Music knew about the injury that now forms the basis of his interference claims no later than July 2012 because by then, the insurance proceeds had already been withheld. Applying the two-year statute of limitations, the period within which Music could bring an interference claim expired no later than July 2014. Because Music brought these claims in October 2014, they are time-barred, unless he can show that the limitations period was otherwise tolled.

Accordingly, Bank of America's motion to dismiss the Complaint on the basis that it is barred under the applicable statute of limitations period is DENIED as to Counts One and Two, but GRANTED as to Counts Three and Four, with leave to amend. Music will be permitted to amend Counts Three and Four of his Complaint to assert any facts that the applicable statute of limitations has been tolled.

### D. Count One (Breach of Contract)

Count One alleges that Bank of America breached the terms set forth in both the Promissory Note and the Deed of Trust.

#### 1. The Promissory Note

To the extent any of Music's Count One claims relate to the Promissory Note, they are

dismissed pursuant to Rule 12(c) because Music has not set forth any factual allegations. The "short and plain statement" under Rule 8(a)(2) of the Federal Rules of Civil Procedure requires Music to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Although the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), it "is not . . . forced to 'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120 (N.D. Cal. 2014) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)). Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(c).

Here, as pled, Music has offered no more than legal conclusions about Bank of America's liability with respect to the Note. He fails to provide any factual support for those allegations, and also fails to make any reference to any particular provision of the Note the Bank purportedly breached. This showing cannot withstand a Rule 12(c) motion. In the alternative, Music argues that the Court cannot dismiss the claim because the Note has not been provided. Opp. at 8 ("Since this is a motion directed to the pleadings, the Court cannot adjudicate a claim on breach of a document that it does not have and has not seen."). This is incorrect. As discussed above, Rule 8(a)(2) requires Music, as the party bringing the claim, to set forth a short and plain statement showing that he is entitled to relief. Failure to provide sufficient facts to state a claim for relief is grounds for—and not a defense to—dismissal.

Accordingly, to the extent Music's claims allege breach of contract or breach of the implied covenant with respect to the Promissory Note, those claims are dismissed pursuant to Rule 12(c) with leave to amend.

### 2. The Deed of Trust

Music also claims in Count One that Bank of America breached the Deed of Trust. Music alleges that the express terms of the Deed allowed Bank of America to retain the insurance

8

proceeds only upon the satisfaction of certain conditions as set forth in Section 5. Absent that showing, the Bank was required to release those funds to him to repair the Property. Music argues that those conditions were not met, and that therefore, Bank of America had no right under Section 5 to retain the insurance proceeds. Because it did so anyway, Music concludes, Bank of America breached the terms set forth in the Deed.[2] Bank of America contends that this claim should be dismissed because Music fails to establish breach, and that in any case, he has not sufficiently pled damages.

In California, the elements of a breach of contract claim are as follows: (1) a valid contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damages to plaintiff. *McFall v. Stacy & Witbeck, Inc.*, No. 14-cv-04150-JSC, 2014 U.S. Dist. LEXIS 171128, at *12 (N.D. Cal. Dec. 10, 2014) (citing *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968)).

First, neither party disputes that the Deed constitutes a valid contract. Section 5 of the Deed provides the terms relevant to Music's claim. Among other things, it requires that Music insure the Property against hazards, and it also governs the apportionment of insurance proceeds between Music and Bank of America from those insurance policies. Section 5 states in relevant part:

> Borrower shall keep the improvements now existing and hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods,

---

[2] Music also alleges that Bank of America breached by refusing to grant to him a forbearance on his outstanding loan balance after the fire destroyed the Property. However as discussed above, Music, as the party bringing the claim, must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Failure to do so is grounds for dismissal pursuant to Rule 12(c).

Here, Music's claim is that Bank of America "breached the promissory note . . . when it refused and failed to forbear on the loan as provided for on the Bank of America website, in the loan documents and in the multiple communications [he] had with [Bank of America] following the fire." Compl. ¶¶ 18, 24. However, Music provides no further details about what those terms on the website are. He provides no clarification to what loan documents he refers. And, he alleges no facts in support of the "multiple communications" he had with the Bank regarding the matter. Accordingly, the Court finds that Music has not set forth the requisite showing of breach as to this particular claim. Music will be permitted to amend his Complaint to state sufficient facts.

9

> for which Lender requires insurance. . . .
>
> . . . .
>
> . . . *Unless Lender and Borrower otherwise agree in writing, any insurance proceeds*, whether or not the underlying insurance was required by Lender, *shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened.*  During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly.  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. . . . *If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. . . .*

RJN, Ex. A ¶ 5 (emphasis added).  Section 5 therefore establishes specific conditions before any insurance proceeds may be disbursed and used for reconstructing the Property.  They are:  (1) the reconstruction must be economically feasible; and (2) disbursing the proceeds to Music must not impair Bank of America's interest secured by the Property.  Upon the satisfaction of these two requirements, the insurance proceeds "shall be applied" toward reconstruction.  Conversely, if either one of those requirements is not met, the proceeds "shall be applied" to pay down Music's outstanding indebtedness.

Second, Music has performed under the relevant provisions of the contract.  No party disputes that Music has obtained proper hazard insurance and that he has maintained that policy throughout the relevant time periods.

Third, Music states factual allegations that Bank of America breached the terms of the Deed.  Specifically, he alleges that neither of the two conditions set forth in Section 5 were met, and as such, the Bank had no right under the Deed to retain the insurance proceeds.  In support of this claim, Music pleads facts to suggest that reconstruction was economically feasible.  He explains that he had already undertaken substantial steps towards reconstruction that included hiring an architect to develop plans and specifications, and also securing from the City of San Francisco the necessary permits and entitlements for the reconstruction.  Music also alleges that Bank of America conceded that its security interest would not be adversely affected.  Compl. ¶ 15.

1  ("[Bank of America] admitted, repeatedly, that its priority and security interest in the Property was
2  never challenged or threatened by Keveny or Plaintiff."). On this basis, the Court finds that Music
3  alleges sufficient facts that Bank of America breached the terms set forth in the Deed.

4  Bank of America argues that even if the allegations set forth above were true, the Bank
5  was nevertheless entitled to retain the insurance proceeds because Music had defaulted on his
6  loan. The Bank cites to *Ford v. Manufacturers Hanover Mortgage Corporation*, 831 F.2d 1520
7  (9th Cir. 1987), to argue that this default impaired its security interest "as a matter of law." The
8  circumstances in *Ford* are distinguishable from those here, however. *Ford* was a case in which a
9  dispute arose over the distribution of insurance proceeds issued after a fire had substantially
10 damaged property owned by the plaintiff, Ford. *Id.* at 1522. The deed of trust provided that the
11 defendant bank holding company, Manufacturers Hanover Mortgage Corporation ("MHMC"), had
12 the option to either retain the proceeds and apply them to Ford's outstanding debt, or release them
13 to allow Ford to rebuild his fire-damaged property. *Id.* When MHMC chose the former, Ford
14 filed suit. *Id.*

15 The *Ford* court held that under the circumstances, MHMC was permitted to retain the
16 proceeds because its security interest was *already* impaired at the time MHMC exercised its
17 option. *Id.* at 1524. It observed that Ford was already in long-standing material default on his
18 loan, his promissory note had since accumulated interest and was due and payable in full, and
19 MHMC's right to foreclose on the property had already vested. *Id.* at 1521–22. The court
20 explained that:

> [i]n this case, it is the trustor [Ford] who is attempting to use a fire to deprive the trust deed beneficiary [MHMC] of its right to sell the property to cover the trustor's long overdue loan. The district court correctly concluded that MHMC's security would be impaired if it were required to defer foreclosure indefinitely while Ford rebuilds his residence. Since MHMC is entitled to foreclose at any time, construing the insurance clause so as to allow Ford to rebuild would defeat the "property rights contemplated by the parties" when the trust deed was executed.

26 *Id.* at 1524–25 (citations omitted).

27 Here, in contrast, the Complaint does not allege facts to show that Music was in default on
28 his loan at the time Bank of America exercised its option. The Complaint indicates that Music

11

1  was eventually unable to make his mortgage payments after the fire, but it does not allege when
2  default actually occurred.  Compl. ¶¶ 13, 19.  Moreover, Music alleges that it was because of Bank
3  of America's withholding that he was unable to pay down his mortgage.  *Id.* ¶ 19 ("As a result of
4  [Bank of America's] breach, Plaintiff was unable to rebuild the Property as planned, collect rent
5  and profits from prospective tenants as planned and ultimately had to sell the Property at a loss.").
6  Construing the Complaint in the light most favorable to Music, it cannot be said that the Bank's
7  security interest was impaired as a matter of law at the time of the withholding.

   Fourth, Music has pled damages stemming from Bank of America's alleged breach.
9  Specifically, he alleges that because of the breach, he was unable to reconstruct his Property and
10 thus realize profits he would have received in the form of rental income.  Music also alleges other
11 damages, including negative marks on his credit history and eventually being forced to sell the
12 Property at a loss.  Bank of America argues that Music has not sufficiently established damages
13 because those damages are neither certain nor were they foreseeable to the Bank at the time of
14 contract formation.  However, as this is a motion for judgment on the pleadings, Music need not
15 plead facts "that suggest he will probably prevail, but rather [the facts must show] more than a
16 sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (internal quotation
17 marks omitted).  Whatever the ultimate merits of Music's claims, they are appropriate for
18 adjudication only at a later point in the litigation.  For the purposes of this Rule 12(c) motion, the
19 Court finds that Music has sufficiently pled damages.

20 In sum, the Court finds that the Complaint has set forth sufficient factual allegations that
21 Bank of America breached the terms set forth in the Deed.

**E.   Count Two (Breach of the Implied Covenant of Good Faith and Fair Dealing of the Deed)[3]**

Count Two raises a claim that Bank of America breached the implied covenant of good faith and fair dealing.  The California Supreme Court has explained that "[t]he covenant of good

---

[3] Count Two also appears to allege a breach of the implied covenant contained in the Promissory Note.  For the reasons stated with respect to Count One, those allegations are insufficient and are dismissed with leave to amend.

faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 350 (2000) (citations omitted). Because this covenant "is an implied-in-law term of the contract . . . its breach will always result in a breach of the contract," even if "[t]he same conduct does not necessarily result in a breach of . . . a consensual contract term." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1393 n.16 (1990) (citing *Schoolcraft v. Ross*, 81 Cal. App. 3d 75, 80–81 (1978)).

In California, the elements of a claim for breach of the implied covenant are as follows: "(1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff." *Woods v. Google, Inc.*, 889 F. Supp. 2d 1182, 1194 (N.D. Cal. 2012).

For the reasons discussed above, first, a valid contract exists here. Second, Music performed in accordance with the terms set forth in Section 5. Third, he sufficiently alleges that the Deed required Bank of America to release to him the insurance proceeds. And fourth, he pleads damages. The remaining issue is whether Music sufficiently alleges facts that Bank of America unfairly interfered with his right to receive the benefits of the contract. The Court finds that he does. Music argues here that Bank of America did not act in good faith when it claimed that either repair was economically infeasible, or that its security interest was impaired. Music states that he hired an architect who had already developed plans and specifications for reconstructing the Property, and who had also secured certain permits and entitlements from the City. He also alleges that Bank of America conceded that its security interest would not be affected. Taking these allegations as true supports Music's claim that the Bank did not have a good faith basis to withhold the insurance proceeds. *See Cal. Lettuce Growers v. Union Sugar Co.*, 45 Cal. 2d 474, 484 (1955) ("[W]here a contract confers on one party a discretionary power affecting the rights of the other, a duty is imposed to exercise that discretion in good faith and in

1   accordance with fair dealing.").

2   In sum, the Court finds that Music has stated sufficient factual allegations that Bank of
3   America breached the implied covenant of good faith and fair dealing contained in the Deed.

### IV. CONCLUSION

For the reasons discussed above, Bank of America's Motion is GRANTED as to Counts Three and Four, with leave to amend to assert any facts that the applicable statute of limitations has been tolled. To the extent Count One alleges breach of the Deed of Trust, the Motion is DENIED. To the extent Count One alleges breach of the Promissory Note, the Motion is GRANTED, with leave to amend. To the extent Count Two alleges breach of the implied covenant of good faith and fair dealing contained in the Deed of Trust, the Motion is DENIED. To the extent Count Two alleges breach of the implied covenant contained in the Promissory Note, the Motion is GRANTED, with leave to amend. Any amended Complaint shall be filed within thirty (30) days of the date of this Order. Plaintiff's amendment may only address the shortcomings in his Complaint identified above and may not add any new claims or parties.

**IT IS SO ORDERED.**

Dated: September 1, 2015

JOSEPH C. SPERO
Chief Magistrate Judge